RICHARD MAC BRIDE, SB# 199695
LAW OFFICES OF RICHARD A. MAC BRIDE
855 Marina Bay Parkway, Suite 210
RICHMOND, CA 94804
Phone 415-730-6289
Fax 510-439-2786
Attorney for Richard Sepulveda

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Richard Sepulveda | Case Number 23-2816 LJC |
| Plaintiff, | |
| Vs. | PLAINTIFF'S REQUEST FOR ADMINISTRATIVE RELIEF FROM SERVICE DEADLINE (Local Rule 7-11), Declaration of counsel, and ORDER |
| Pancoast Pizza Incorporated, et al., | |
| Defendants. | |

Plaintiff comes before the Court to ask for more time to serve defendants Richard Cordes and Suzanne Cordes, for the reasons explained below.

On June 7, 2023, Plaintiff filed the instant action alleging claims under Title III of the Americans With Disabilities Act of 1990 and under parallel California access law (Docket #1). On the same day, a Scheduling Order under General Order 56 was issued (Docket #4). The Scheduling Order required that all defendants be served with the complaint no later than August 7, 2023.

Plaintiff served defendants Pancoast Pizza Incorporated, Robert Stephen Pancoast, and Julie Irene Tobias-Pancoast on June 10, 2023, and believed that he had properly sub-served defendants Richard Cordes and Suzanne Cordes on June 28, 2023, with proof of serviced filed on July 12, 2023 (Docket #8).

---

Motion for Administrative Relief 23-2816 LJC

-1-

Defendants Robert Stephen Pancoast and Julie Irene Tobias-Pancoast have filed their answer on August 4, 2023 (Docket #9).[1]

Plaintiff's counsel now realizes that there is a problem with the service on defendants Richard Cordes and Suzanne Cordes in Florida, and that plaintiff needs more time to arrange to serve them properly under applicable law.

The Alameda County Tax Assessor gave me, plaintiff's counsel, the address of 2665 North Atlantic Avenue #212, Daytona Beach, Florida 32118 as the address to which property tax bills are sent to defendants Richard Cordes and Suzanne Cordes. Plaintiff's process server, Kevin Whitton, of One Hour Delivery Service, went to this address in Florida and found that it is a UPS store, i.e. a private mailbox store. He sub-served the employee there. (See Docket #8, pages 10 to 17.)

Federal Rule of Civil Procedure 4(e)(1) allows service by following the state law, specifically, by "following state law for serving a summons in an action brought in courts of general jurisdiction <u>in the state where the district court is located</u> or <u>where service is made</u>." (Emphasis added.) Those states are California and Florida.

California Code of Civil Procedure §415.20(c) states that "if the only address reasonably known for the person to be served is a private mailbox obtained through a commercial mail receiving agency, service of process may be effected on the first delivery attempt by leaving a copy of the summons and complaint with the commercial mail receiving agency in the manner described in subdivision (d) of Section 17538.5 of the Business and Professions Code." B&P Code §17538.5(c)(2) requires that the mailbox customer authorize the mailbox store to serve as his/her/its agent for service of process.

---

[1] Defense counsel Jason Gong has represented to plaintiff's counsel that defendants Robert Stephen Pancoast and Julie Irene Tobias-Pancoast are the 100% shareholders of defendant Pancoast Pizza Incorporated. Julie Irene Tobias-Pancoast is the designated agent for service of process of this corporation on the California Secretary of State's website.

1  The 2023 Florida Statutes 48.031(6)(a) has a similar, but not identical, provision: "If the only
2  address for a person to be served which is discoverable through public records is a private mailbox,
3  a virtual office, or an executive office or mini suite, substituted service may be made by leaving a
4  copy of the process with the person in charge of the private mailbox, virtual office, or executive
5  office or mini suite, but only if the process server determines that the person to be served maintains
6  a mailbox, a virtual office, or an executive office or mini suite at that location." There is no
7  requirement that the customer authorize the mailbox store to be his/her/its agent for service of
8  process. The employee in Florida refused to confirm whether defendants Richard Cordes and
   Suzanne Cordes still maintained a post office box there. (See Docket #8, page 11 and page 15.)
9

10 Plaintiff now belatedly realizes that the sub-service on defendants Richard Cordes and Suzanne
11 Cordes at the UPS store does not comply with either the California or the Florida statute. After
12 further investigation, plaintiff now realizes that California case law interprets the expression "the
13 only address reasonably known" to mean that plaintiff must make some independent efforts to
14 ascertain the address of defendants aside from the mailbox store before effecting service at the
15 mailbox store under California CCP §415.20. Similarly, it appears that Florida case law also
16 interprets the expression "which is discoverable through public records" to mean that plaintiff must
17 make some effort to search through the public records. Therefore, plaintiff now needs to ask the
18 Court for more time to investigate whether another address can be identified to serve process on
   defendants Richard Cordes and Suzanne Cordes.
19

20 Therefore, plaintiff respectfully requests and moves that he be given an additional sixty (60) days,
21 until December 25, 2023, to serve the summons and complaint on defendant Richard Cordes and
22 Suzanne Cordes.
23 Plaintiff's counsel wishes to mention that settlement discussions are underway with defendants
24 Robert Stephen Pancoast and Julie Irene Tobias-Pancoast, through their counsel of record, Jason
25 Gong.
26 Date: October 25, 2023
27 Signed: Richard A. Mac Bride /s/ Richard A. Mac Bride
28 Attorney for Plaintiff

---

Motion for Administrative Relief 23-2816 LJC

## ORDER

Upon request of Plaintiff for administrative relief, and good cause appearing,

IT IS HEREBY ORDERED that, in the matter of Sepulveda v. Pancoast Pizza Incorporated et al., 23-2816 LJC, the Scheduling Order in this matter filed June 8, 2023 (ECF No. 4) be amended to continue the last day by which Plaintiff must serve the complaint on defendants Richard Cordes and Suzanne Cordes, or to dismiss one or both without prejudice from the action, from August 7, 2023 to December 25, 2023.

IT IS SO ORDERED.

Date: October 31, 2023

_____
Lisa J. Cisneros
United States Magistrate Judge